UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| HYUNGKEUN SUN; and | ) | Case No. 12-25005 MER |
| YEONAM KIM SUN, | ) | |
| | ) | Chapter 7 |
| Debtors. | ) | |
| | ) | |
| WONJOONG KIM; and | ) | |
| YOONEE KIM, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Adversary No. 12-1660 MER |
| | ) | |
| HYUNGKEUN SUN; and | ) | |
| YEONAM KIM SUN, | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT MOTION FOR (I) DISMISSAL OF PLAINTIFFS' 11 U.S.C. § 523(a)(19) CLAIM WITHOUT PREJUDICE; AND (II) RULE 54(B) CERTIFICATION**

Wonjoong Kim and Yoonee Kim (together, the "**Kims**"), by and through their undersigned counsel, Lewis Roca Rothgerber LLP and Gersh & Thomaidis, LLC, and Hyungkeun Sun and Yeonam Kim Sun (together the "**Suns**"), by and through their counsel, Onsager | Guyerson | Fletcher | Johnson, jointly move to dismiss the Kims' 11 U.S.C. § 523(a)(19) claim without prejudice, and, out of an abundance of caution, for a Rule 54(b) certification *nunc pro tunc* to September 12, 2014. The following grounds support this Motion:

I.  **GENERAL BACKGROUND**

1. On July 18, 2012, the Suns filed a joint Chapter 7 voluntary petition for relief before this Court.

2. On October 15, 2012, the Kims commenced this adversary proceeding by filing their *Complaint to Determine Dischargeability of Debt under 11 U.S.C. § 523(a) of the*

*Bankruptcy Code* (the "**Complaint**"), asserting claims against the Suns pursuant to 11 U.S.C. §§ 523(a)(2)(A); 523(a)(4); 523(a)(6); and 523(a)(19).

3. On June 7, 2013, the Plaintiffs moved to hold their § 523(a)(19) claim in abeyance, which the Court granted by order dated August 6, 2013, and ordered that the remaining claims proceed to trial [Dkt. Nos. 19, 26, and 27].

4. Following a five-day trial, on September 12, 2014, the Court entered its *Order* and *Judgment* [Dkt. Nos. 91-93]. The *Order* notes on page 26 that a "final Judgment shall enter in favor of the Plaintiffs[,]" and the *Judgment* is, consistent with the foregoing, deemed a "FINAL JUDGMENT."

5. On October 10, 2014, the Suns filed their *Notice of Appeal*, seeking the Tenth Circuit Bankruptcy Appellate Panel's review of the *Order* and the *Judgment*.

6. The parties have since fully briefed the issues on appeal.

7. On June 16, 2015, the BAP entered its *Order to Show Cause Why Appeal Should Not Be Dismissed as Interlocutory*, a copy of which is **Exhibit A** hereto. There, the BAP notes that the § 523(a)(19) claim (the "**Claim**") appears to remain pending, and raises the issue as to whether the *Order* and *Judgment* are interlocutory. The BAP presents the parties several potential options to address this issue, including, relevant to this Motion, dismissal of the § 523(a)(19) claim and Rule 54(b) certification.

II. **RELIEF REQUESTED AND BASIS FOR RELIEF**

8. The parties first request that the Court enter an Order dismissing the Claim without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2), made applicable to this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7041, with each party to bear its own attorneys' fees and costs only as they pertain to the Claim.

- 2 -

9. Dismissal of the Claim, however, may not make *Order* and the *Judgment* final for appellate purposes. *See*, *e.g.*, *Heimann v. Snead*, 133 F.3d 767, 769 (10th Cir. 1998) ("Parties may not confer appellate jurisdiction upon us by obtaining a voluntary dismissal without prejudice of some claims so that others may be appealed.") (citing *Cook v. Rocky Mountain Bank Note Co.*, 974 F.2d 147, 148 (10th Cir. 1992)). *But see United States v. Spence*, 242 F.3d 392, at *1 n.1 (10th Cir. 2000) (unpublished) ("Accordingly, we ordered appellants to obtain from the district court and present to this court either an appropriate certification under Fed.R.Civ.P. 54(b) or a final judgment adjudicating all remaining claims. Appellants complied with our order by obtaining a final order from the district court, which dismissed the cross-claims as moot. The district court having now adjudicated all the claims before it, we have jurisdiction to review these appeals under 28 U.S.C. § 1291."). As such, out of an abundance of caution, the parties seek this Court's Rule 54(b) certification *nunc pro tunc* to September 12, 2014, the date of the *Order* and *Judgment*.

10. Federal Rule of Civil Procedure 54(b), made applicable to this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7054, states:

> **(b) Judgment on Multiple Claims or Involving Multiple Parties.** When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

11. The Tenth Circuit Court of Appeals has recently noted, in the context of Rule 54(b) relief, that a Rule 54(b) certification is deemed to provide the proper foundation for an appeal when it contains three key features. The order must: (i) stem from a lawsuit that involves

multiple claims; (ii) represent a final decision on at least one of the claims; and (iii) include the district court's express determination "that there is no just reason for delay." *Waltman v. Georgia-Pac., LLC*, 590 Fed. Appx. 799, 809-10 (10th Cir. 2014). All three elements are met here.

12. This adversary proceeding involves multiple claims – three § 523(a)(2) claims, two § 523(a)(4) claims, one § 523(a)(6) claim, and one § 523(a)(19) claim.

13. The *Order* and *Judgment* are a final decision on all of the claims but for perhaps the § 523(a)(19) claim. *Atwell v. Gabow*, CIVA 06CV02262CMAMJW, 2009 WL 112492, at *3 (D. Colo. Jan. 15, 2009) (to be considered "final," an order must be "final" in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action.) (quotation marks omitted)). This is especially so in light of the § 523(a)(19) being premised on alleged violations of federal and state securities laws, while the adjudicated claims are strictly creatures of bankruptcy law. The non-§523(a)(19) claims are therefore distinct and separate from the Claim. *Oklahoma Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1243 (10th Cir. 2001) ("Thus, a judgment is not final for the purposes of Rule 54(b) unless the claims resolved are distinct and separable from the claims left unresolved.").

14. And there is no just reason for delay. "[I]n deciding whether there are no just reasons to delay the appeal of individual final judgments in setting such as this, a district court must take into account judicial administrative interests as well as the equities involved. Consideration of the former is necessary to assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'" *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). Here, the Court appears to believe that it finally adjudicated all claims at issue in the adversary proceeding in light of the *Order* noting on page 26 that a "final

Judgment shall enter in favor of the Plaintiffs[,]" and the *Judgment* being deemed a "FINAL JUDGMENT." The parties have similarly proceeded in that manner. The Kims have not sought to prosecute their § 523(a)(19) claim beyond asserting it in their Complaint, and intend to dismiss it without prejudice pursuant to this Motion. In addition, after considerable time and money, the parties have fully briefed their appeal before the BAP and otherwise completely engaged in the appellate process, including participating in mediation and motions practice.

15. Also, there little to no risk of piecemeal appeals. The Kims have not demonstrated any current interest in prosecuting their Claim, and would need to do so in any event in a non-bankruptcy forum. *In re James*, 11-29774-MER, 2012 WL 4849618, at *4 (Bankr. D. Colo. Oct. 11, 2012) (Romero, C.J.) ("Under § 523(a)(19), this Court may determine the dischargeabilty of a debt for a securities violation, but a non-bankruptcy court must first determine liability on the alleged securities violation."). Moreover, the Claim is grounded in federal and state securities laws and regulations –matters removed from those at issue in the §§ 523(a)(2), (a)(4), and (a)(6) claims.

16. The parties lastly request that the certification be *nunc pro tunc* to the date of the *Order* and *Judgment*. *Spence*, 242 F.3d at *1 n.1; *Ramah Navajo Chapter v. Babbitt*, 50 F. Supp. 2d 1091, 1109 (D.N.M. 1999) ("**IT IS, THEREFORE, ORDERED** that the Order and Final Judgment under Rule 54(b) entered on May 14, 1999, is hereby withdrawn and that this Amended Order and Final Judgment under Rule 54(b) is Entered nunc pro tunc as of May 14, 1999.").

WHEREFORE, the Kims and the Suns jointly move to dismiss the Claim without prejudice, and for a Rule 54(b) certification *nunc pro tunc* to September 12, 2014; and for such further relief as it deems just under the circumstances.

- 6 -

Respectfully submitted this 26th day of June, 2015.

| | |
|---|---|
| LEWIS ROCA ROTHGERBER, LLP | ONSAGER \| GUYERSON \| FLETCHER \| JOHNSON |
| *s/ Chad S. Caby*<br>Chad S. Caby, No. 30927<br>1200 17th Street, Suite 3000<br>Denver, CO 80202<br>Phone: 303-623-9000<br>Fax: 303-623-9222<br>E-mail: ccaby@rothgerber.com<br><br>-and-<br><br>GERSH & THOMAIDIS, LLC<br>James N. Thomaidis, No. 38836<br>D. Elizabeth Wills, No. 5903<br>1860 Blake Street, Suite 400<br>Denver, CO 80202<br>Phone: 303-293-2333<br>E-mail: jt@gtattorneys.com<br>        betsywills@comcast.net<br><br>*Attorneys for Wonjoong Kim and Yoonee Kim* | *s/ Andrew D. Johnson*<br>Andrew D. Johnson, No. 36879<br>Christian C. Onsager, No. 6889<br>1801 Broadway, Suite 900<br>1801 Broadway, Suite 900<br>Denver, CO 80202<br>Phone: 303-512-1123<br>Fax: 303-512-1129<br>Email: ajohnson@OGFJ-law.com<br><br>*Attorneys for Hyungkeun Sun and Yeonam Kim Sun* |

- 2 -

## CERTIFICATE OF SERVICE

      I hereby certify that on June 26, 2015, a true and correct copy of the foregoing and proposed order were mailed by depositing the same in the United States mail, first-class postage prepaid, addressed as follows:

Chad S. Caby, No. 30927
1200 17th Street, Suite 3000
Denver, CO 80202

Elizabeth Wills
20 S. Cherry St.
Denver, CO 80246

James Thomaidis
1860 Blake St, Ste 400
Denver, CO 80202-5964

GERSH & THOMAIDIS, LLC
James N. Thomaidis, No. 38836
D. Elizabeth Wills, No. 5903
1860 Blake Street, Suite 400
Denver, CO 80202

                                                    *s/ Tiffany Cadwell*
                                                    OF ONSAGER | GUYERSON | FLETCHER | JOHNSON