UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| HYUNGKEUN SUN; and | ) | Case No. 12-25005 MER |
| YEONAM KIM SUN, | ) | |
| | ) | Chapter 7 |
|     Debtors. | ) | |
| | ) | |
| WONJOONG KIM; and | ) | |
| YOONEE KIM, | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| v. | ) | Adversary No. 12-1660 MER |
| | ) | |
| HYUNGKEUN SUN; and | ) | |
| YEONAM KIM SUN, | ) | |
| | ) | |
|     Defendants. | ) | |

**JOINT MOTION TO ALTER OR AMEND ORDER GRANTING
RULE 54(B) CERTIFICATION**

Wonjoong Kim and Yoonee Kim (together, the "**Kims**"), by and through their undersigned counsel, Lewis Roca Rothgerber LLP and Gersh & Thomaidis, LLC, and Hyungkeun Sun and Yeonam Kim Sun (together, the "**Suns**"), by and through their counsel, Onsager | Guyerson | Fletcher | Johnson, jointly move the Court for an order amending the Court's Order Granting Joint Motion for (I) Dismissal of Plaintiffs' 11 U.S.C. § 523(a)(19) Claim without Prejudice; and (II) Rule 54(b) Certification; and Rule 54(b). The following grounds support this Motion:

**I.    RELIEF REQUESTED**

    1.    On June 26, 2015, the Kims and the Suns filed their Joint Motion for (I) Dismissal of Plaintiffs' 11 U.S.C. § 523(a)(19) Claim without Prejudice; and (II) Rule 54(b) Certification (the "Motion"). [Docket No. 138]. With the Motion, the Kims and Suns submitted a proposed

order (the "Proposed Order") that contained findings and conclusions the Kims and Suns believe may be necessary for a certification pursuant to Fed. R. Civ. P. 54(b). [Docket No. 138-1].

2. On July 1, 2015, the Court entered an order granting the Motion (the "Order"), but the order omitted the findings and conclusions related to Rule 54(b).

3. Rule 54(b) permits a court to enter a final judgment on fewer than all of the claims "only if the court expressly determines that there is no just reason for delay." The United States Court of Appeals for the Tenth Circuit has held a certification under Rule 54(b) can be effective only when the trial court "adheres *strictly* to the rules requirement of making this express determination." *Waltman v. Georgia-Pacific, LLC*, 590 Fed. Appx. 799, 810 (10th Cir. 2014) (emphasis added). Among other things, the Proposed Order contains the statement "[t]here is no just reason for delay." [Docket No. 138-1, at ¶ 5].

4. In addition to the express determination that there is no just reason for delay, the Kims and Suns believe the other findings and conclusions in the Proposed Order may be necessary to establish a sufficient basis in the record for the conclusion that there is no just reason for delay. While it may be a formal requirement that an order contain the express determination that there is no just reason for delay, "substance prevails over form; that is, labeling an order a 'Rule 54(b) certification' has no operative legal effect." *Waltman*, 590 Fed. Appx., at 810. Since it was the Bankruptcy Appellate Panel that raised the issues of finality and its jurisdiction *sua sponte*, the factual support for the express determination may be necessary to establish a sufficient record basis.

5. The Motion and the Proposed Order include factual support for the express determination and the other elements of a sufficient Rule 54(b) certification. In support of

making the express determination that there is no just reason for delay, the Motion and Proposed Order provide for example:

> There is no just reason for delay. The Court and all parties have proceeded as if this adversary proceeding has concluded. Indeed, the Kims have not sought to prosecute their § 523(a)(19) claim in any manner beyond asserting it in their Complaint, and have dismissed it without prejudice pursuant to this Order. In addition, the parties have fully briefed their appeal before the appellate court and otherwise completely engaged in the appellate process, including participating in mediation and motions practice.

Motion, at ¶ 14; Proposed Order, at ¶ 5.

WHEREFORE, the Kims and the Suns jointly request the Court: (1) grant this Motion; (2) enter the Proposed Order submitted with the Motion, or in the alternative, enter an order that contains, at least, paragraph 5 of the Proposed Order; and (3) for such further relief as it deems just under the circumstances.

Respectfully submitted this 15th day of July, 2015.

| | |
|---|---|
| LEWIS ROCA ROTHGERBER, LLP | ONSAGER \| GUYERSON \| FLETCHER \| JOHNSON |
| *s/ Chad S. Caby*<br>Chad S. Caby, No. 30927<br>1200 17th Street, Suite 3000<br>Denver, CO  80202<br>Phone:    303-623-9000<br>Fax:        303-623-9222<br>E-mail:   ccaby@rothgerber.com<br><br>-and-<br><br>GERSH & THOMAIDIS, LLC<br>James N. Thomaidis, No. 38836<br>D. Elizabeth Wills, No. 5903<br>1860 Blake Street, Suite 400<br>Denver, CO  80202<br>Phone:    303-293-2333<br>E-mail:   jt@gtattorneys.com<br>              betsywills@comcast.net<br><br>*Attorneys for Wonjoong Kim and Yoonee Kim* | *s/ Andrew D. Johnson*<br>Andrew D. Johnson, No. 36879<br>Christian C. Onsager, No. 6889<br>1801 Broadway, Suite 900<br>1801 Broadway, Suite 900<br>Denver, CO  80202<br>Phone: 303-512-1123<br>Fax:        303-512-1129<br>Email:    ajohnson@OGFJ-law.com<br><br>*Attorneys for Hyungkeun Sun and Yeonam Kim Sun* |

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2015 a true and correct copy of the foregoing and proposed order were mailed by depositing the same in the United States mail, first-class postage prepaid, addressed as follows:

Chad S. Caby, No. 30927
1200 17th Street, Suite 3000
Denver, CO  80202

Elizabeth Wills
20 S. Cherry St.
Denver, CO 80246

James Thomaidis
1860 Blake St, Ste 400
Denver, CO 80202-5964

*s/ Tiffany Cadwell*
OF ONSAGER \| GUYERSON \| FLETCHER \| JOHNSON